His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Plaintiff, intending to ship a carload lot of bananas over the New Orleans & N. E. R. R. Co., applied to said company and was furnished by it with a refrigerator car of a kind in use by'said company but not in use.by defendant. This car was first inspected.and then loaded by plaintiff.
Having reason to change the destination of this car and send it to a point on defendant’s line, plaintiff applied to the defendant to haul the car thus already loaded, which defendant agreed to do as a matter of favor to plaintiff.
It appears that there was a defect in the car, so slight, however, as to have escaped the attention of several successive inspectors, and to have been discovered only after the car was on its way over defendant’s line; and then only by one of plaintiff’s employees who .made no mention thereof at the time.
This defect as described by that witness, is indeed so slight as to leave room for doubt whether the damage to the fruit 'herein complained of, was due to that cause. But assuming that it was, we do not think defendant liable under the circumstances.
It is undoubtedly the duty of a carrier to furnish a suitable car, when requested to do so by the shipper; and he can not shift this burden by imposing on the shipper the burden of inspecting the car thus furnished.
But it would be against all reason to hold that a ■carrier is responsible for the defects in a car furnished by the shipper, or selected by himself without calling upon the carrier.
*350 Opinion and decree, April 24th, 1916.
Rehearing refused, May 29th, 1916.
Writ denied, July 3rd, 1916.
Hence where a shipper obtained, the privilege of selecting any unloaded car belonging to the carrier and suited for the shipment; and himself selected a car in a defective condition, it was held that the fault was his own and not that of the carrier.
Frolich Glass Co. vs. R. R. Co., 101 N. W., 223.
■So, also, when the shipper furnished his own cars, and they were defective the rule was laid down that the carrier was not responsible for their defective condition, unless it had bound itself to keep the cars in good condition and was at fault for not having done so.
Central R. R. of Ga. vs. Chicago Varnish Co., 53 Southern, 832.
The rule may therefore be stated thus: The carrier cannot force upon a shipper the duty of furnishing or selecting a car suitable for the shipment, but where the shipper voluntarily selects, or himself furnishes, the car, the carrier is under no responsibility for its condition.
In the case at bar, the shipper furnished the car, and defendant is not liable for the damages resulting from its alleged defective condition.
The judgment appealed from is therefore reversed and •it is now ordered that plaintiff’s demand be rejected at its cost in both ’Courts.
Reversed.